CHRISTOPHER P. RIDOUT (SBN 143931)
  Email: christopher.ridout@zimmreed.com
HANNAH P. BELKNAP (SBN 294155)
  Email: hannah.belknap@zimmreed.com
ZIMMERMAN REED, LLP
2381 Rosecrans Ave., Suite 328
Manhattan Beach, CA 90245
(877) 500-8780 Telephone
(877) 500-8781 Facsimile


*Additional Counsel listed below*
*Attorneys for Plaintiffs*
*and all others similarly situated*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION (RIVERSIDE)

| | |
|---|---|
| DAN OLGUIN and MICHAEL SCOTT RUTHERFORD, individually and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>FLOORMAX INCORPORATED,<br><br>Defendant, | Case No.: 5:17-CV-00493<br><br>*Assigned for all purposes to:*<br><br>COLLECTIVE/CLASS ACTION COMPLAINT AND JURY DEMAND |

DAN OLGUIN ("Plaintiff Olguin" or "Plaintiffs") and MICHAEL SCOTT RUTHERFORD ("Plaintiff Rutherford" or "Plaintiffs"), by and through their undersigned attorneys, hereby bring this Collective/Class Action Complaint against Defendant, FLOORMAX INCORPORATED ("Floormax" or "Defendant") and state as follows:

1.     This is a collective action brought by Plaintiffs on their own behalf and on behalf of all similarly situated current and former Floor Installer employees of Defendant to recover for Defendant's willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the California Labor Code §§ 226, 510, 1174, 1174.5 and 1194, the California Industrial Welfare Commission Wage Order No. 16, the California Business & Professional Code § 17200, *et seq.*, California common law as a state-wide class action pursuant to Fed. R. Civ. P. 23, and other appropriate rules, regulations, statutes, and ordinances.

2.     Plaintiffs were subjected to Defendant's policy and practice of underreporting hours Plaintiffs worked as Floor Installers for Defendant and failing to pay the Plaintiffs overtime at a rate of one and one-half times their regular rates of pay for hours worked in excess of 40 hours during a workweek.  Further, Defendant failed to provide accurate wage statements with hours worked within 30 days of the end of their employment.  To remedy these practices, Plaintiffs bring this action as a nation-wide collective and class action pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23.

3.     The individuals that Plaintiffs seeks to represent in this action are current and former Floor Installers or other job titles performing similar job duties of Defendant whose hours were underreported by Defendant, who were not

compensated with overtime pay at a rate not less than one and one-half times their regular rates of pay, and/or who Defendant failed to provide with accurate wage statements with hours worked within 30 days.

4.    Plaintiffs bring this action on behalf of themselves, and all other similarly situated hourly employees of Defendant, to recover unpaid wages and overtime, liquidated damages, penalties, fees and costs, pre- and post-judgment interest, and any other remedies to which they may be entitled.

## JURISDICTION AND VENUE

5.    This Court has subject-matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims raise a federal question under 29 U.S.C. §§ 201, *et seq*.

6.    This Court also has subject-matter jurisdiction over Plaintiffs' Collective Action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

7.    Upon information and belief, Defendant's annual sales exceed $500,000 and it has more than two employees, so the FLSA applies in this case on an enterprise basis. Defendant's employees engage in interstate commerce, and therefore, they are also covered by the FLSA on an individual basis.

8.    This Court has supplemental jurisdiction over the California state law

wage and hour class pursuant to 28 U.S.C. § 1367 because all California state law wage and hour claims are so related to the federal claims that "they form part of the same case or controversy" such that they should be adjudicated in one judicial proceeding.

9. This Court has personal jurisdiction over Defendant because it does business within the State of California and Defendant lists its "Corporate" location in Corona, California.[1]

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant conducts substantial business within this District and the actions and omissions giving rise to the claims pled in this Complaint substantially occurred in this District.

## **PARTIES**

11. Plaintiff Olguin is an individual who resides in the County of Los Angeles, City of West Covina, California. Plaintiff Olguin has worked for Defendant as a Floor Installer since approximately 2008 and his current rate of pay is $23.00 per hour. Plaintiff Olguin has executed his Consent to Sue, attached hereto as Exhibit A.

12. Plaintiff Rutherford is an individual who resides in the County of San Bernardino, City of Skyforest, California. Plaintiff Rutherford has worked for Defendant as a Floor Installer since approximately 2005 and his rate is $28.95 per hour. Plaintiff Rutherford has executed his Consent to Sue, attached hereto as Exhibit

---

[1] http://floormaxinc.com/ (last visited October 4, 2016).

COMPLAINT

B.

13.   Plaintiffs and other similarly situated individuals are, or were, employed by Defendant as Floor Installers or other job titles performing similar job duties.

14.   Defendant FLOORMAX INCORPORATED is a Nevada corporation, with its primary place of business located at 1096 Morning Sun Lane, Corona, California 92881.[2]   Defendant also has places of business in Lake Elsinore, California, Las Vegas, Nevada,[3] and Arizona.[4]

15.   Defendant FLOORMAX INCORPORATED is registered with the California Secretary of State to do business in the State of California and can be served through its Agent for Service of Process, Kenneth Edwin Smith, located at 1096 Morning Sun Lane, Corona, California 92881.

## GENERAL ALLEGATIONS

16.   Plaintiffs and other similarly situated individuals were, or are, employed by Defendant as hourly Floor Installers or other job titles performing similar job duties.

17.   Regardless of formal job title, Plaintiffs and all other similarly situated employees' job duties included preparing to install commercial flooring and installing the commercial flooring.

18.   Throughout Plaintiffs' employment with Defendant, Plaintiffs were

[2]      http://floormaxinc.com/location.html (last visited October 4, 2016).
[3]      http://floormaxinc.com/ (last visited October 4, 2016).
[4]      http://floormaxinc.com/about-us.html (last visited October 4, 2016).

employed as hourly Floor Installers who worked for Defendant at various worksites.

19.     Plaintiffs regularly worked in excess of 40 hours per week, however, when Plaintiffs worked in excess of 40 hours per week, Defendant subjected Plaintiffs and other similarly situated Floor Installers to the same policy of underreporting their hours to show them only working 40 hours per workweek. *See, e.g.*, Plaintiff Olguin's paystubs for the pay periods 04/11/2016 through 04/17/2016 and 05/09/2016 through 05/15/2016; and Plaintiff Rutherford's paystub for the pay periods 09/05/2016 through 09/11/2016, attached hereto as Exhibit C.

20.     Plaintiffs regularly worked in excess of 8 hours per day.  *See, e.g.,* Plaintiff Olguin's Job Site Sign In Sheet for 05/23/2016 and 09/01/2016, attached hereto as Exhibit D (noting on 05/23/2016 Plaintiff Olguin began work at 7:00 AM and ended work at 7:30 PM and on 09/01/2016 Plaintiff Olguin began work at 7:00 AM and ended work at 9:30 PM).

21.     Defendant subjected Plaintiffs and other similarly situated Floor Installers to the same policy of only paying them their straight time hourly rate for all hours worked in excess of 8 hours per day.

22.     Defendant willfully engaged in the policy and practice of not paying Plaintiffs and other similarly situated former and/or current Floor Installers

premium overtime compensation for hours worked in excess of 40 hours per workweek or hours worked in excess of 8 hours per work day.

23. Defendant knew or should have known that its employees are required to be paid for all compensable time throughout the workweek. 29 C.F.R. § 553.221.

24. Despite this, Defendant does not compensate Plaintiffs and other similarly situated installers for all compensable time worked for hours worked in excess of forty (40) in a workweek.

25. Defendant knew or should have known that, under the FLSA, Plaintiff and other similarly situated Floor Installers should have been paid overtime "at a rate not less than one and one-half times the regular rate" at which they was employed for all compensable time for workweeks in excess of forty (40) hours. 29 U.S.C. § 207(a)(1).

26. Defendant knew or should have known that under the California Labor Code, Plaintiff should have been paid overtime "at the rate of no less than one and one-half times" of the employee's regular wage rate for "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek." Cal. Lab. Code § 510(a).

27. Despite this, Defendant did not pay overtime at one and one-half times the regular rate for Plaintiffs' hours worked in excess of eight hours in any

one workday or for hours worked in excess of forty (40) in any one workweek.

28.     Defendant knew or should have known that the Cal. Labor Code § 226(a) requires employers semi-monthly or at the time of each payment of wages to furnish each employee with a statement itemizing, among other things, the total hours worked by the employee.

29.     Defendant knew or should have known that, every employer subject to any provision of the FLSA must maintain accurate timesheet and payroll records. *See* 29 C.F.R § 516.1.   The employer is mandated to maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and total hours worked by each employee each workweek.  29 C.F.R § 516.2.

30.     Despite that, Defendants failed to maintain and preserve accurate timesheet and payroll records as required by the Cal. Labor Code § 226 and 29 C.F.R § 516.2.  *See, e.g.*, Exhibit C (noting that Plaintiffs' time performed in excess of 8 per workday and/or 40 per workweek has not been recorded or compensated at one and one-half Plaintiffs' regular rates of pay).

31.     When the employer fails to keep accurate records of the hours worked by its employees, the rule in Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88, 66 S. Ct. 1187, 1192 (1946) is controlling. That rule states:

> [w]here the employer's records are inaccurate or inadequate . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly

compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

32.     The Supreme Court set forth this test to avoid placing a premium on an employer's failure to keep proper records in conformity with its statutory duty, thereby allowing the employer to reap the benefits of the employees' labors without proper compensation as required by the FLSA. Where damages are awarded pursuant to this test, "[t]he employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with . . . the Act." *Id*.

33.     In reckless disregard of the FLSA and the California Labor Code, Defendant adopted and then adhered to its policy and plan of employing Plaintiff and other similarly situated installers to perform work without compensation.  This policy resulted in Plaintiffs and other similarly situated former and/or current installers not being paid for all time worked and for all of their overtime in violation of the FLSA and the California Labor Code.

## COLLECTIVE ACTION ALLEGATIONS

34.     Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) of the FLSA individually and on behalf of:

All current and former Floor Installers or other job titles performing

similar job duties employed by Floormax Incorporated at any time during the the last three years, who worked in excess of 40 hours per workweek, and were not paid at the overtime premium for hours worked over 40 in a workweek.

35. Plaintiffs do not bring this action on behalf of any executive, administrative, or professional employees exempt from coverage under the FLSA or for those employees who were paid at the proper legal rate for each hour worked.

36. *29 U.S.C. § 216(b) Conditional Certification "Similarly Situated" Standard*: With respect to the claims set forth in the FLSA action, conditional certification under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff bring this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan (namely, Defendant's policy of not paying their employees for all compensable time worked at an overtime at a rate of one-and-one-half times their regular rate); (c) their claims are based upon the same factual and legal theories; and (d) the employment relationship between Defendant and every putative Class member is exactly the same and differs only by name, location, and rate of pay.

37. Upon information and belief, there are numerous other similarly situated current and former Floor Installers or other job titles performing similar

COMPLAINT

job duties who performed uncompensated overtime hours in violation of FLSA and would benefit from the issuance of a court-supervised notice of this action and the opportunity to join it. The precise number of collective Class members should be readily available from a review of Defendant's personnel, scheduling, time and payroll records, and from input received from the collective class members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b).

38. Plaintiffs share the same interests as the putative conditional class and will be entitled to unpaid overtime compensation, interest, attorneys' fees and costs owed under the FLSA.

## **CLASS ACTION ALLEGATIONS**

39. Plaintiffs bring the action pursuant to Federal Rule of Civil Procedure 23(b)(3) and (c)(4) on behalf of a putative Class defined to include:

> All current and former Floor Installers or other job titles performing similar job duties employed by Floormax Incorporated at any time during the the last three years, who worked in excess of eight hours per workday and/or in excess of 40 hours per workweek, and were not paid at the proper overtime premium for hours worked over 40 in a workweek and/or hours worked over 8 in a workday.

Plaintiffs reserve the right to amend the putative class definition as necessary.

40. Plaintiffs share the same interests as the putative Class and will be entitled under California state law to unpaid overtime compensation, attorneys' fees, and costs and lost interest owed to them under nearly identical factual and legal standards as the remainder of the putative class.

41. *Numerosity:* The members of the California Class are so numerous that joinder of all members in the case would be impracticable, and the disposition of their claims as a Class will benefit the parties and the Court. The precise number of Class members should be readily available from a review of Defendants' personnel and payroll records.

42. *Commonality/Predominance:* There is a well-defined community of interest among California Class members and common questions of *both* law and fact predominate in the action over any questions affecting individual members. These common legal and factual questions include, but are not limited to, the following:

    a. Whether Defendants maintained common policies or practices that required their employees to perform floor installation services;

    b. Whether California state law requires Defendant to pay overtime wages to Plaintiffs and the putative class members who worked in excess of 8 hours in any one workday and/or 40 hours in any one workweek;

    c. Whether California state law requires Defendant to furnish accurate wage statements to its Floor Installers;

    d. Whether Defendant's violations of the California Acts were willful; and

    e. Whether Defendant should be required to pay compensatory damages, attorneys' fees, and costs and interest for violating California state law.

43. *Typicality:* Plaintiffs' claims are typical of those of the California Class in that Plaintiffs and all other members suffered damages as a direct and

proximate result of Defendant's common and systemic payroll policies and practices. Plaintiffs' claims arise from the same Defendant's policies, practices, and course of conduct as all other California Class members' claims and Plaintiffs' legal theories are based on the same legal theories as all other California Class members: whether all Class members were employed by Defendant on an hourly basis without receiving compensation at the premium overtime rate for hours worked in excess of 8 hours in any one workday and/or 40 hours in any one workweek.

44. *Adequacy:* Plaintiffs will fully and adequately protect the interests of the California Class and Plaintiffs retained national counsel who are qualified and experienced in the prosecution of nationwide wage-and-hour class actions. Neither Plaintiffs nor their counsel have interests that are contrary to, or conflicting with, the interests of the California Class.

45. *Superiority:* A class action is superior to other available methods for the fair and efficient adjudication of the controversy, because, *inter alia*, it is economically infeasible for California Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.

46. The case will be manageable as a class action. Plaintiffs and their counsel know of no unusual difficulties in the case and Defendant has payroll

systems that will allow the class, wage, and damages issues in the case to be resolved with relative ease. Because the elements of Rule 23(b)(3), or in the alternative (c)(4), are satisfied in the case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue her claim as a class action").

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq*. FAILURE TO PAY OVERTIME WAGES

47.     Plaintiffs re-allege and incorporates all previous paragraphs herein.

48.     At all times relevant to this action, Defendant was an "employer" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. §§ 201, *et seq*.

49.     Defendant is engaged in interstate commerce or in the production of goods for commerce, as defined by the FLSA.

50.     At all times relevant to this action, Plaintiffs were each an "employee" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

51.     Plaintiffs either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods for commerce.

52.     The positions of hourly-paid Floor Installers are not exempt from the FLSA.

53.     Defendant's other job titles performing similar job duties are not exempt from the FLSA.

54.     At all times relevant to this action, Defendant "suffered or permitted" Plaintiffs to work and thus "employed" them within the meaning of the FLSA, 29 U.S.C. § 203(g).

55.     The FLSA requires an employer to pay employees the federally mandated overtime premium rate of one and a half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek. 29 U.S.C. § 207.

56.     Defendant violated the FLSA by failing to pay Plaintiff the federally mandated overtime premium for all hours worked in excess of forty (40) hours per workweek.

57.     Upon information and belief, Defendant have corporate policies of evading overtime pay for its hourly workers.

58.     Defendant's violations of the FLSA were knowing and willful.

59.     By failing to compensate its hourly workers at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant has violated the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).  All similarly situated Floor Installers are victims of a uniform and company-wide enterprise which operates to

compensate employees at a rate less than the federally mandated overtime wage rate. This uniform policy, in violation of the FLSA, has been, and continues to be, applied to all Floor Installers who have worked or are working for Defendant in the same or similar position as Plaintiffs.

60. None of the provisions of the FLSA can be contravened, set aside, abrogated, or waived by Plaintiffs or the Class.

61. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees.

## COUNT II

## VIOLATION OF THE CALIFORNIA LABOR CODE §§ 510, 1194, and IWC WAGE ORDER NO. 16 - FAILURE TO PAY OVERTIME

62. Plaintiffs re-allege and incorporate all previous paragraphs herein.

63. At relevant times, in addition to the FLSA, Defendant was required to compensate Plaintiff and all Class members at one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week.

64. At all relevant times, Defendant suffered, permitted, and/or required Plaintiff and all Class members to work in excess of eight hours per day and/or

COMPLAINT

forty hours per week without being paid overtime pay as required by California law.

65.    As a result of the unlawful acts of Defendant, Plaintiffs and all Class members were deprived of their rightfully earned overtime pay in amounts to be determined at trial.

66.    The California Industrial Welfare Commission Order No. 16-2011 (effective January 1, 2002 as amended) ("Wage Order No. 16") regulates the wages, hours and working conditions in certain on-site occupations in the construction, drilling, loggin and mining industries.

67.    Defendants' conduct violated California Labor Code §§ 510, 1194, and IWC Wage Order No. 16.   Therefore, pursuant to California Labor Code § 1194, Plaintiffs and all putative class members are entitled to recover damages for the nonpayment of minimum wage and overtime pay for all hours worked in excess of eight (8) hours per day or forty (40) hours per week, interest on that amount pursuant to California Labor Code § 218.6, plus reasonable attorneys' fees and litigation costs.

68.    None of the provisions of the California Labor Code can be contravened, set aside, abrogated, or waived by Plaintiffs or the Class.

69.    As a result of the foregoing conduct, Plaintiffs seek on behalf of himself and all members of the Class unpaid overtime wages at the required legal

rate for all of their working hours during the relevant time period; all other damages; attorneys' fees and costs; restitution; penalties; injunctive relief; interest calculated at the highest legal rate; and all other relief allowed by law, including applicable attorneys' fees and costs.

## **COUNT III**

### **VIOLATION OF THE CALIFORNIA LABOR CODE §§ 226, 226.3, IWC WAGE ORDER NO. 16 – FAILURE TO FURNISH ACCURATE WAGE STATEMENTS**

70.     Plaintiffs re-allege and incorporate all previous paragraphs herein.

71.     Cal. Labor Code § 226(a) and IWC Wage Order No. 16, § 6(B) require employers semi-monthly or at the time of each payment of wages to furnish each employee with a statement itemizing, among other things, the total hours worked by the employee.  Cal. Labor Code § 226(b) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, among other things, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

72.     Defendant knowingly and intentionally failed to furnish Plaintiffs and similarly situated Floor Installers with timely, itemized statements showing the total hours worked, as required by Cal. Labor Code § 226(a) and IWC Wage Order No. 16, § 7(B).  As a result, Defendant is liable to Plaintiffs and similarly situated

Floor Installers for the amounts provided by Cal. Labor Code § 226(b) and for penalties, and attorneys' fees.

73. Plaintiffs, on behalf of himself and similarly situated floor installers, request relief as described below.

## COUNT IV

## VIOLATION OF BUS. & PROF. CODE § 17200, *et seq.*

74. Plaintiffs re-allege and incorporate all previous paragraphs herein.

75. Plaintiffs brings this action individually, on behalf of the Class, and on behalf of the general public pursuant to § 17200 *et seq*. of the California Business and Professions Code (the "Cal. Bus. & Prof. Code"), and the Unfair Competition Act (the "UCL").

76. California Business and Professions Code §1 7204 prohibits unfair competition, defined as "any unlawful, unfair or fraudulent business act or practice." On behalf of the Class, Plaintiffs seek compensation for the loss of their property and the personal financial impacts they have suffered as a result of Defendant's unfair business practices. Defendant's conduct, as described above, has been and continues to be deleterious to the Class and Plaintiffs are seeking to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure § 1021.5.

77. The conduct of Defendant, as described above, constituted unlawful, unfair, unconscionable, and/or fraudulent business acts or practices which injured the Class members and caused them loss of money.

78. The unlawful, unfair, unconscionable, and/or fraudulent business acts or practices adopted by Defendant, which injured the Class members and caused them loss of money, were conducted by Defendant in material part in the state of California and emanated to its business operations in other states. Class members nationwide, therefore, were harmed and injured as a result of Defendant's conduct in California. As such, the UCL applies to the entire classes' claims.

79. Defendant adopted unlawful business and employment policies and conspired amongst itself to engage in the above-described unlawful, unfair, unconscionable, and/or fraudulent business acts and practices nationwide, and that conduct harmed class members and caused them injury and financial loss. As such, the UCL applies to all such transactions and dealings. All members of the Class have standing to assert UCL claims against Defendant.

80. Defendant has engaged and continues to engage in unfair and unlawful business practices in California by practicing, employing, and utilizing the employment practices outlined above, inclusive, to wit, by: (a) failing to pay to Plaintiffs and the Class overtime compensation pursuant to Cal. Labor Code §§ 510 and 1194; (b) failing to furnish accurate wage statements pursuant to Cal.

Labor Code § 226; (c) failing to maintain accurate timesheet and payroll records pursuant to 29 C.F.R § 516.1; and (d) failing to pay to Plaintiffs and the Class overtime compensation pursuant to the FLSA.

81.     By failing to pay its employees overtime wages in violation of FLSA and the California Labor Code, Defendant violated the UCL.

82.     Violations of the FLSA are unlawful acts which are independently actionable under the UCL.  *Wang v. Chinese Daily News* (9th Cir. 08-56740 9/27/10); *In re Wells Fargo Home Mortgage Litig.,* 527 F. Supp. 2d 1053, 1066-69 (N.D. Cal. 2007).  Such cases are certifiable as nationwide class actions under Fed. R. Civ. P. 23 where the unlawful, unfair, unconscionable, and/or fraudulent business acts or practices, which injured the Class, were conducted by Defendant in material part in the state of California, and emanated to its business operations in other states.  *Id.*

83.     By failing to maintain employment records under the FLSA and/or other applicable wage and hour laws, Defendant engaged in unlawful, unfair, unconscionable, and/or fraudulent business acts or practices in violation of the UCL.

84.     The acts complained of herein, and each of them, constitute unfair, unlawful, unconscionable, and/or fraudulent business practices in violation of Cal. Bus. & Prof. Code § 17200 *et seq*.  Defendant's acts and practices described herein

offend established public policies, including, but not limited to those set forth in the FLSA and/or other applicable wage and hour laws, and involve business practices that are immoral, unethical, oppressive, and/or unscrupulous.

85. The unfair business practices set forth above have and continue to injure the Class and the general public and cause injury and the loss of money, as described further within. These violations have unjustly enriched Defendant at the expense of the Class. As a result, Plaintiffs, the Class, and the general public are entitled to restitution and an injunction.

86. Plaintiffs seek, on their own behalf, on behalf of other members of the Class similarly situated, and on behalf of the general public, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendant by means of the unfair practices complained of herein.

87. The acts complained of herein occurred within the last four years preceding the filing of the complaint in this action.

88. Plaintiffs are informed and believes and on that basis allege that at all times herein mentioned Defendant has engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200 *et seq*., including those set forth herein above thereby depriving Plaintiffs and other members of the general public the minimum working condition standards

and conditions due to them under the California laws and Industrial Welfare Commission wage orders as specifically described therein.

89.     The conduct of Defendant and its agents, employees, managerial employees as described herein was oppressive, fraudulent, malicious, and done in conscious disregard of Plaintiffs and Class members' rights.

90.     Such a pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiffs in a civil action for the unpaid balance of the full amount of wages owing, including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of California Labor Code.

91.     Such a pattern, practice, and uniform administration of an unlawful, deceptive, and unfair business practice as described herein creates an entitlement to recovery by Plaintiffs and the Class in a civil action for damages and wages owed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request the following relief:

A. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

B. Certifying the California State Law Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

C. Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all those individuals who are similarly situated, and permitting

COMPLAINT

Plaintiffs' attorneys to send notice of this action to all those similarly situated individuals including the publishing of notice in a manner that is reasonably calculated to apprise the potential class members of their rights under this litigation;

D. Designating the Named-Plaintiffs to act as the Class Representatives on behalf of all similarly situated individuals for both the FLSA and California State Law Classes;

E. Declaring that Defendant willfully violated the FLSA and its attendant regulations as set forth above;

F. Declaring that Defendant violated their obligations under the FLSA;

G. Granting judgment in favor of Plaintiffs and against Defendant and awarding the amount of unpaid overtime pay calculated at the rate of one and one-half (1.5) of Plaintiffs' regular rates multiplied by all hours that Plaintiffs worked in excess of 40 hours per week for the past three years for the FLSA Class;

H. Awarding liquidated damages to Plaintiffs, in an amount equal to the amount of unpaid overtime found owing to Plaintiffs;

I. Awarding appropriate restitution in an amount to be proven at trial for Defendant's violation of Section 17200 of the UCL;

J. Awarding actual and statutory damages for Defendant's violations of the California Labor Code;

K. Awarding reasonable attorney fees and costs incurred by Plaintiffs in filing this action;

L. Awarding pre- and post-judgment interest to Plaintiffs on these damages; and

M. Such further relief as this court deems appropriate.

## JURY DEMAND

NOW COMES Plaintiffs, by and through their Attorneys, and hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.

ZIMMERMAN REED, LLP

Dated: March 16, 2017       By:       /s/ Christopher P. Ridout
                                      Christopher P. Ridout
                                      Hannah P. Belknap
                                      2381 Rosecrans Ave., Suite 328
                                      Manhattan Beach, CA 90245
                                      (877) 500-8780 Telephone
                                      (877) 500-8781 Facsimile

                                      *Local Counsel for Plaintiffs*

                                      *Pro Hac Vice Anticipated:*

                                      Jacob R. Rusch
                                      MN Bar No. 391892
                                      David H. Grounds
                                      MN Bar No. 0285742
                                      Molly E. Nephew
                                      MN Bar No. 0397607
                                      **JOHNSON BECKER, PLLC**
                                      444 Cedar Street, Suite 1800
                                      Minneapolis, Minnesota 55402
                                      Telephone: (612) 436-1800
                                      Fax: (612) 436-1801
                                      jrusch@johnsonbecker.com
                                      dgrounds@johnsonbecker.com
                                      mnephew@johnsonbecker.com

                                      *Trial Counsel for Plaintiffs*

COMPLAINT